IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

UNITED STATES OF AMERICA,       )
                                )   2:08-cr-334-GEB
            Plaintiff,          )
                                )   SENTENCING RULING
     v.                         )
                                )
NANCY FRANCES FISKE,            )
                                )
            Defendant.          )
_____)

        Defendant Fiske objects to the two-level enhancement in her Presentence Investigation Report ("PSR") in paragraph 33, which is recommended under United States Sentencing Guideline § 3B1.3. The recommendation is based on the finding that Fiske abused a position of private trust or used a special skill when committing the crime for which she pled guilty. However, the parties agreed at the sentencing hearing held on February 6, 2009, that the special skill provision does not apply.

        Fiske argues "[w]hile there is no doubt [she] was a trusted employee, that fact does not make her eligible for this enhancement." She contends her office manager/bookkeeper position for a construction and development company was not a fiduciary position that justifies

1

the enhancement.

The government rejoins defendant's position with the victim enabled her to embezzle over a million dollars, and since there was no simple, objective method of determining whether she was embezzling, she occupied a position of trust.

Fiske cites United States v. Tatum, 518 F.3d 369 (6th Cir. 2008), a case in which the Sixth Circuit rejected the enhancement in a situation similar to what is involved here. Tatum accomplished her fraud by printing her employer's "checks payable in her name," and she often forged the name of another person "and deposited the checks into her personal bank accounts." Id at 370. "She maintained copies of the checks, but created fictitious payees on the printed copies that she had been instructed to make." Id at 370. "Also, as instructed by the accountant, Tatum maintained the bank statements in a file, at first destroying copies of the returned checks that would have shown her own name as payee upon close inspection, but later filing them as well. These copies of returned checks were not inspected by the accountant because the type was too small for him to read, and thus he did not discover that [the company] was making a large number of payments to Tatum. In this way, Tatum was able to defraud her employer by creating no fewer than 543 fraudulent checks." Id at 370-71. The Sixth Circuit found the enhancement did not apply to Tatum, explaining even though Tatum's position significantly aided her in the commission and concealment of her offense, this did not override the inherently clerical nature of her position.

The findings in the PSR do not justify distinguishing Fiske's work position from Tatum's work position. Therefore, under rationale of Tatum, Fiske's objection is sustained, and the

2

enhancement has not been shown applicable to Fiske.

        Pursuant to Federal Rule of Criminal Procedure 32(i)(3)(c), the Clerk of Court is ordered to serve a copy of this Order on the Probation Office, which shall insure that this Order is "appended... to any copy of the presentence report made available to the Bureau of Prisons."

Dated:  February 6, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge